IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-294-FL

| | | |
|---|---|---|
| RENA DECAROL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AT&T MOBILITY SERVICES LLC,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to compel discovery (DE #18), filed August 4, 2011, plaintiff's supplement to her motion to compel discovery (DE #21), filed September 6, 2011, and plaintiff's motion to amend the case management order (DE #20), filed August 16, 2011. Defendant has not responded, and the motions are ripe for ruling.

Plaintiff moves to compel discovery. Plaintiff incorrectly states that August 3, 2011, was the deadline for Federal Rule of Civil Procedure 26(a)(1) disclosures. Pursuant to the case management order, filed August 8, 2011, the deadline to exchange Rule 26(a)(1) disclosures was August 15, 2011. The court, of its own initiative, extends this deadline. Accordingly, defendant is ordered to provide plaintiff the required Rule 26(a)(1) information within seven (7) days of entry of this order, if defendant has not already done so.

---

[1] Pursuant to defendant's answer of July 5, 2011, the court re-names defendant "AT&T Mobility Services LLC." Any objections to this change should be filed with the court.

The remainder of plaintiff's motion to compel discovery is denied for failure to comply with Local Civil Rule 7.1, EDNC.[2] In particular, plaintiff fails to "set forth . . . by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." Local Civ. R. 7.1(c).[3] Furthermore, plaintiff has not filed the required supporting memoranda. Local Civ. R. 7.1(d). Accordingly, plaintiff's motion to compel discovery is denied.

Plaintiff also moves to amend the case management order. Specifically, plaintiff states: "It is imperative that Plaintiff's request for electronically stored information be included in your Case Management Order." According to Federal Rule of Civil Procedure 16(b)(4), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has not shown good cause. The case management order does not foreclose requests by plaintiff for electronically stored information, and plaintiff has not alleged failure on defendant's part to respond to such requests. Accordingly, plaintiff's motion to amend the case management order is DENIED as moot. If defendant fails or refuses to respond to plaintiff's requests for electronically stored information, plaintiff should file a motion to compel in compliance with Local Civil Rule 7.1.

As discussed above, the deadline to exchange Rule 26(a)(1) information is EXTENDED until seven (7) days after entry of this order. Plaintiff's motion to compel discovery is DENIED. Plaintiff's motion to amend the case management order is DENIED as moot.

---

[2] The Local Rules for the United States District Court for the Eastern District of North Carolina are available online at: http://www.nced.uscourts.gov/localRules/LocalRules.htm

[3] The court interprets plaintiff's e-mail correspondence with opposing counsel, filed September 6, 2011, as a supplement to her motion to compel. Plaintiff informs opposing counsel, "you are non-responsive regarding the interrogatory." If plaintiff seeks court action regarding her interrogatory request, she must file a motion to compel in conformity with Local Civil Rule 7.1.

SO ORDERED, this the 24th day of September, 2011.

                                              LOUISE W. FLANAGAN
                                              Chief United States District Judge

3

Case 5:11-cv-00294-FL   Document 23   Filed 09/26/11   Page 3 of 3