IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:11-CV-294-FL

| | |
|---|---|
| RENA DECAROL LEE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| AT&T MOBILITY SERVICES, LLC, | ) |
| Defendant. | ) |

This cause comes before the Court upon the following motions:

    1) *Pro se* Plaintiff's motion to compel name of mediator (DE-34); and

    2) Defendant's motion for a status conference and to extend the time for conducting Plaintiff's deposition (DE-36).

Neither motion has been responded to, and the time for doing so has expired. Accordingly, these matters are ripe for adjudication.

First, Plaintiff requests that Defendant be compelled to "name their Mediator as outlined in Local Civil Rule 101.1c." (DE-34). Plaintiff has not attached a memorandum in support of this motion, despite having been previously admonished by this Court of the requirement of Local Civil Rule 7.1(d). (DE-23, pg. 2). Moreover, Plaintiff's request is moot. Defendant has already notified Plaintiff that it would agree to any of the mediators from the List of Certified Mediators for the Eastern District of North Carolina. (DE-33). Accordingly, Plaintiff's motion to compel (DE-34) is DENIED.

Next, Defendant requests the scheduling of a telephonic status conference with the

Court. (DE-36). Specifically, Defendant sent a letter to Plaintiff concerning the taking of her deposition and the completion of mediation by January 20, 2012. *Id.* at 1. Plaintiff responded by e-mail, indicating she would not allow her deposition unless counsel for Defendant was available during the same time frame to be deposed. *Id.* Thereafter, Defendant made other reasonable efforts to schedule Plaintiff's deposition at a time and place mutually agreed upon. *Id.* at 1-3. Plaintiff has generally resisted these efforts. *Id.*

Defendant's request for a status conference (DE-36) is DENIED because none is necessary. Specifically, Defendant is entitled to depose Plaintiff without leave of court. F.R.Civ.P. 30(a)(1). Furthermore, Defendant is entitled to state the time and place of the deposition in its notice. F.R.Civ.P. 30(b)(1). The court may impose sanctions if a party fails to attend a noticed deposition. F.R.Civ.P. 37(d). Plaintiff was given an opportunity to choose a mutually agreeable time and place for her deposition and has not availed herself of that opportunity. For these reasons, the time for Defendant to depose Plaintiff is extended until February 24, 2012. If Plaintiff does not attend her deposition, or improperly refuses to testify at her deposition, the undersigned will recommend the imposition of sanctions. The recommended sanctions could included the dismissal of Plaintiff's complaint. Likewise, if any other discovery disputes are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

**CONCLUSION**

Plaintiff's motion to compel (DE-34) is DENIED. Defendant's request for a status conference (DE-36) is DENIED. However, the time for Defendant to depose Plaintiff is extended until February 24, 2012. If Plaintiff fails to attend—or otherwise impedes, delays or frustrates—her deposition, sanctions will likely be imposed.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, February 08, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE