IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00294-FL

| | | |
|---|---|---|
| RENA DECAROL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AT&T MOBILITY SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court upon pro se Plaintiff's motion to exclude her deposition from evidence. (DE-42). No response has been filed, and the time for doing so has expired. Accordingly, the motion is ripe for adjudication.

Plaintiff seeks to exclude her deposition on the grounds of bad faith and fraud. Specifically, Plaintiff believes that the attorney who appeared on behalf of Defendant and took her deposition was not the listed counsel of record, Robert E. Thomas, Jr. Based on her telephone conversations with Thomas, Plaintiff believed Thomas to be African American. When Thomas appeared at the deposition, however, Plaintiff discovered that he is Caucasian. Plaintiff contends that the attorney who appeared at her deposition and introduced himself as Thomas was not, in fact, Thomas, and that counsel was substituted without notice to her.

Plaintiff also complains that the court reporter at the deposition told Plaintiff she could not use a tape recorder to document the proceedings. Plaintiff informed the court reporter she was within her rights and had given notice of her intent to record the deposition. Further, the court reporter gave Plaintiff two business cards, which Plaintiff

placed inside her wallet in her purse.  During a break, Plaintiff left her purse in the conference room where the deposition was taking place.   Plaintiff later discovered that the business cards were missing.   She states that the "court reporter was the last person in the conference room" although she does not know "if anyone else entered the room when the Plaintiff went to the restroom."   (DE-42, p.2).

Plaintiff now asks the Court to exclude her deposition from evidence because the attorney of record did not appear at the deposition and the court reporter "took an active legal stance in favor of the Defendant."

Plaintiff's claims are patently without merit.   There is no indication in the record, beyond Plaintiff's subjective belief, that the Robert E. Thomas, Jr. who took her deposition, *see* DE-47-1, was anyone other than counsel of record.   Moreover, there is no evidence of any bad faith on the part of the court reporter.  The undersigned has previously warned Plaintiff against any further efforts to impede or frustrate her deposition in this case.   (DE-37).

Plaintiff's motion to exclude her deposition from evidence (DE-42) is accordingly DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, March 27, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE